No JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.   CV-11-9214-MWF (CWx)                    Date:  August 20, 2012

Title:    Kenneth Madick v. Allstate Life Insurance Company of New York et al

Present: The Honorable MICHAEL W. FITZGERALD

| Rita Sanchez | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter/Recorder | Tape No. |

Attorneys Present for Plaintiff:         Attorneys Present for Defendants:
        Not Present                                      Not Present

**Proceedings:** ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY ADJUDICATION THAT NEW YORK IS APPLICABLE LAW [43]

This matter is before the Court on Plaintiff Kenneth Madick's ("Madick") Motion for Summary Adjudication that New York is Applicable Law ("Motion"). (Docket No. 43). For the reasons set forth in this Minute Order, the Court GRANTS the Motion.

I.    CHOICE OF LAW STANDARD

The Court applies California choice-of-law rules to determine the applicable substantive law. *See, e.g., Kohlrautz v. Oilmen Participation Corp.*, 441 F.3d 827, 833 (9th Cir. 2006) ("In determining what state law to apply, a federal court applies the choice-of-law rules of the state in which it sits."). California recognizes the validity of contractual choice-of-law provisions and generally enforces their terms. *See, e.g., Nedlloyd Lines B.V. v. Superior Court*, 3 Ca. 4th 459, 464-465, 11 Cal. Rptr. 2d 330, 834 P. 2d 1148 (1992) ("In determining the enforceability of arm's-length contractual choice-of-law provisions, California courts shall apply the principles set forth in Restatement section 187, which reflects a strong policy favoring enforcement of such provisions."). California uses a burden shifting system when assessing the applicability of a contract's choice-of-law provision: "The party advocating application of the choice-of-law provision has the burden of establishing a substantial relationship between the chosen state and the contracting

No JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES—GENERAL**

Case No.   CV-11-9214-MWF (CWx)                    Date:  August 20, 2012

Title:   Kenneth Madick v. Allstate Life Insurance Company of New York et al

parties.  The burden then shifts to the party opposing application to show that application would violate a fundamental policy of California."  *Guadagno v. E*Trade Bank*, 592 F. Supp. 2d 1263, 1269 (C.D. Cal. 2008) (applying California choice-of-law rule to a contract specifying the application of Virginia law on a defendant's motion to dismiss).

## II.   NEW YORK LAW IS APPLICABLE

In deciding this motion under Rule 56, the Court applies *Anderson*, *Celotex*, and their Ninth Circuit progeny.  Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986).

Madick argues for the applicability of a choice-of-law provision contained in the life insurance policy at issue.  (Mot. at 3).  The clause reads:

> Conformity with State law:  this policy is subject to the laws of the State where the application was signed.  If any part of the policy does not comply with the law, it will be treated by us as if it did.

Defendant Allstate Life Insurance Company of New York ("Allstate") argues that Madick has offered no facts to support his contention that New York law applies and that the above clause is "irrelevant" to the choice-of-law determination.  (Opp'n at 2).  The Court disagrees with Allstate on both points.

*First*, Madick puts forth two undisputed facts:  (1) the application was signed in New York; and (2) the policy issued in New York.  (Mot. at 3).  Allstate's Opposition does not challenge these facts.  This is a sufficient factual basis, combined with the language of the policy, for Madick to sufficiently argue for the application of New York law.

No JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES—GENERAL**

Case No.   CV-11-9214-MWF (CWx)                    Date:  August 20, 2012

Title:       Kenneth Madick v. Allstate Life Insurance Company of New York et al

*Second*, Allstate misconstrues the single case on which it relies to argue that the quoted choice-of-law provision is "irrelevant".  In *Smith v. Lincoln Benefit Life Company*, the District Court for the Western District of Pennsylvania concluded that a similarly-worded clause governed actions arising from the insurance policy but did not govern the plaintiff's tort claims arising outside of the insurance policy.  *Smith v. Lincoln Benefit Life Co.*, 2009 WL 789900, at *7-8 (W.D. Pa. March 23, 2009) ("Accordingly, the Court finds that the choice of law provision contained in the subject insurance policy is narrow in its scope and, therefore, does not govern Plaintiff's tort claims.").  The court applied Pennsylvania law and reasoned that the choice-of-law provision could not be read to extend beyond plaintiff's contractual claims.  *Id*.

That case is distinguishable in the first instance because it applies Pennsylvania law.  More importantly, it is not factually analogous because Madick's claims for relief and Allstate's counterclaims expressly seek determinations of their rights and obligations in relation to the insurance policy, and therefore necessarily implicate construction and interpretation of the underlying contract.  (First Amended Complaint at 1; Counterclaim at 5).

Accordingly, the Court GRANTS Madick's Motion for Summary Adjudication that New York is Applicable Law.

IT IS SO ORDERED.

\_\_\_ : N/A
Initials of Preparer    RS

---