Jeff Katofsky, Esq. (Bar No. 138773)
4558 Sherman Oaks Avenue, 2nd Floor
Sherman Oaks, California 91403
(818) 990-1475 (telephone) - (818) 990-1477 (facsimile)
*-in association with-*
Lloyd K. Chapman, Esq. (Bar No. 123016)
4558 Sherman Oaks Avenue, 2nd Floor
Sherman Oaks, California 91403
(818) 304-8412 (telephone) - (818) 990-1599 (facsimile)

**Attorneys for Plaintiff KENNETH MADICK, Trustee of Alvin Harris 2007 Irrevocable Trust Dated September 18, 2007**

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH MADICK, Trustee of Alvin Harris 2007 Irrevocable Trust Dated September 18, 2007,<br><br>Plaintiffs,<br><br>vs.<br><br>ALLSTATE LIFE INSURANCE COMPANY OF NEW YORK, and DOES 1 through 10,<br><br>Defendants. | CASE NO. CV11-09214 MWF (Cwx)<br>(Hon. Michael Fitzgerald)<br><br>NOTICE OF MOTION AND MOTION FOR JUDGMENT ON THE PLEADINGS UNDER RULE 12( c) OF THE FEDERAL RULES OF CIVIL PROCEDURE MEMORANDUM OF POINT AND AUTHORITIES IN SUPPORT THEREOF<br><br>DATE: September 17, 2012<br>TIME: 10:00 a.m.<br>CTRM: 1600 |
| ALLSTATE LIFE INSURANCE COMPANY OF NEW YORK,<br><br>Counter-Claimant,<br><br>vs.<br><br>KENNETH MADICK, Trustee of Alvin Harris 2007 Irrevocable Trust Dated September 18, 2007,<br><br>Counter-Respondent. | |

////

////

////

---

1
NOTICE OF MOTION AND MOTION FOR JUDGMENT ON THE PLEADINGS


1. TO EACH PARTY AND THEIR COUNSEL OF RECORD:

2. **PLEASE TAKE NOTICE THAT** on September 17, 2012 in Courtroom 1600 at 10:00 a.m., located at 312 N. Spring Street, Los Angeles, CA 90012, counter-respondent Kenneth Madick, Trustee of Alvin Harris 2007 Irrevocable Trust Dated September 18, 2007, will move the Court for the following order:

On motion for judgment on the pleadings and under Federal Rule of Civil Procedure 12( c ).

The motion is made under Federal Rule of Civil Procedure 12( c ) that as a matter of law, the counter-claim fails. The motion will be based on this Notice of Motion, the Memorandum of Points and Authorities in Support thereof, the pleadings and records on file herein and on such other oral and/or documentary evidence which may be presented at the hearing of the motion.

DATED: August 21, 2012        JEFF KATOFSKY, ESQ.

By: _____
Jeff Katofsky, Esq.
Attorneys for Plaintiff
KENNETH MADICK, Trustee of
Alvin Harris 2007 Irrevocable Trust
Dated September 18, 2007

# I

# INTRODUCTION

This case is really about the timing of the payments made under the policy at issue for the now-deceased Alvin Harris. The plaintiff claims that the payments were timely made and the policy was in force, while the defense claims that it was not. At issue is a life insurance policy with a face value of $1.7 million.

Defendant Allstate brings a counter-claim claiming that the policy is contestable and void under this alleged stranger-originated life insurance concept and a lack of insurable interest by the plaintiff in the policy. Furthermore, Allstate then claims it intends to keep the approximately $250,000.00 in premiums it received on the policy, despite the fact that it is attempting to rescind it.

Previously, this motion was brought under FRCP 12(b)(6). The Court denied such motion on the successful argument by defendant that there was still a question of whether New York or some other state law applied. The Court has, several times, advised defendant that if New York law applies, the counter-claim would be in serious doubt.

On August 20, 2012, this Court granted summary adjudication on the motion brought by plaintiff and held that New York law applies to this case.

Unfortunately for Allstate, its own policy and New York law clearly prohibit its counter-claim. This motion for judgment on the pleadings must be granted.

# II

# NEW YORK LAW APPLIES TO THE COUNTER-CLAIM

The policy issued by Allstate for the life of Alvin Harris, page 45 of the Complaint (which is page 17 of the policy) states, in pertinent part:

> "Conformity with State law: this policy is subject to the laws of the State where the application was signed. If any part of the policy does not comply with the law, it will be treated by us as if it did."

On August 20, 2012, this Court, upon motion brought by plaintiff, held that New York law applies to this dispute.

## III
## THE INSURANCE POLICY ITSELF AND NEW YORK LAW PROHIBIT THE COUNTER-CLAIM

The theory of the counter-claim is stated in paragraphs 25 through 27 and argues that the policy in question was procured with the intention to transfer it to people or parties that have no insurable interest in the policy in order to gamble on the life of Mr. Harris. Allstate argues, therefore, that since there is no insurable interest, the policy is void and they get to keep the significant premiums paid.

Allstate also states, in its counter-claim, paragraphs 21 and 22, that the policy was issued on September 27, 2007 with the first premium being paid on October 5, 2007; both close to four years prior to the death of Alvin Harris.

The insurance policy at issue, at page 44 of the Complaint (page 16 of the policy), is dispositive of the manner in which Allstate may contest the policy on these grounds. It states:

> "Incontestability.
>
> We will not contest this policy after it has been in force during the lifetime of the insured for two years from the issue date unless one of the following exceptions occurs:
>
> 1) Any increase in the face amount: this contestable period with respect to an increase amount will be measured during the lifetime of the insured for two years from the effective date of the increase.
>
> 2) Restatement of this policy or any riders: this contestable period will be measured during the lifetime of the insured for two years from the restatement date.

4
NOTICE OF MOTION AND MOTION FOR JUDGMENT ON THE PLEADINGS

    3) An attached rider as a separate incontestability provision. This contestable period will be measured in accordance with the incontestability provision provided in the rider.

    4) Any term conversion: this contestable period will be measured during the lifetime of the insured for two years from the issue date of the original term insurance policy.

    We may contest this policy at any time for the failure to make sufficient payments to cover the monthly deductions required to the policy and its riders in force."

    Consistent with the laws of the State of New York, Allstate's policy reiterates the fact that it may not contest the policy after two years from the time it was issued. Since the policy was issued in September of 2007, Allstate had until September of 2009 to contest the policy. Allstate did not contest the policy until 2011. The four exceptions to the contestability provision, numbered 1 through 4, do not apply since none of those issues are involved in the policy at issue. The policy was issued in 2007 and was unmodified until the date of death in 2011. Obviously, the issue of payment is the main issue in the plaintiff's case and is certainly one in which Allstate may contest, but that is not at issue in their counter-claim. It would be inappropriate as a counter-claim since it is the basis of the complaint itself.

    Allstate, despite its own policy language, will claim that its counter-claim is valid because of the argument of an alleged lack of insurable interest. Just last year, in November 2010, the Court of Appeals of New York definitively settled any issue over this argument and requires that the counter-claim be dismissed.

    In *Kramer v. Phoenix Life Insurance Company*, 940 N.E.2nd 535, 914 N.Y.S.2nd 709 2010 N.Y.Slip Op. 08376, the court stated:

    "We now . . . hold that New York law permits a person to procure an insurance policy on his or her own life and immediately transfer it to one

without an insurable interest in that life, even where the policy was obtained for just such a purpose."

Kramer was a certified question on this very issue to New York's highest court, to put an end to this controversy.

In *Kramer*, Arthur Kramer, a prominent New York attorney, obtained multiple life insurance policies on his own life with the intent to immediately assign the beneficial interest to investors who lacked insurable interest in his life. He never made premium payments on those policies, as such policies were made by investors. The carriers in that case argued that the investors participated in a stranger-owned life insurance scheme, just as Allstate is complaining in the case at bar.[1]

After a detailed analyses of the New York statutory scheme, the court found that there was simply no statute supporting the insurers' argument that a policy obtained by the insured with the intent to immediately assign it to a stranger was invalid. In fact, the court found that an immediate transfer or an assignment of such a policy was explicitly permitted by the statutes in New York.

The *Kramer* case is on virtually identical facts as the case at bar and clearly controls this controversy.

Allstate's own policy and the clear law preclude its arguments and its counter-claim in its entirety. There is no possibility of an amendment as both the legal and policy statute of limitations of two years has run and the argument of lack of insurable interest is one that is contradictory to the statutes in the State of New York as well as the clear law of the state.

---

[1] It is anticipated that defendant will argue that the case of *New England Mutual Life Ins. Co. V. Caruso*, 73 N.Y.2nd 74 (1989), left the door slightly open for limited, such as murder, contestation of STOLI type actions. If *Caruso* left open a slight crack, which it did not, that crack was undeniably sealed shut by *Kramer*.

# III

# CONCLUSION

As the counter-claim is barred as a matter of law and cannot be amended to cure any defects and, as such, must be dismissed.

Respectfully Submitted,

DATED: August 21, 2012    JEFF KATOFSKY, ESQ.

By: _____
Jeff Katofsky, Esq.
Attorneys for Plaintiff
KENNETH MADICK, Trustee of
Alvin Harris 2007 Irrevocable Trust
Dated September 18, 2007